1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILMER A. HERNANDEZ-CANO,                  No.  1:23-cv-00216-HBK (HC)

12                    Petitioner,
                                                 ORDER GRANTING RESPONDENT'S
13         v.                                    MOTION TO DISMISS[1]

14
      WARDEN, FCI MENDOTA,
15
                      Respondent.
16

17         Petitioner Wilmer A. Hernandez-Cano ("Petitioner"), a former federal inmate, initiated

18    this action on February 6, 2023, by filing a pro se petition for writ of habeas corpus under 28

19    U.S.C. § 2241 while he was incarcerated at Federal Correctional Institution ("FCI") Mendota,

20    located in Fresno County, California, which is within the venue and jurisdiction of this Court.

21    (Doc. No. 1, "Petition").  The Petition asserts a single claim:  the Bureau of Prisons ("BOP")

22    unlawfully restricts "non-U.S. citizens" from applying earned time credits (FTCs) in

23    contravention of the First Step Act.  (Doc. No. 1 at 2); *see* 18 U.S.C. § 3632(d)(4)(A), (C)

24    (providing that time credits earned from completion of evidence-based recidivism reduction

25    programming productive activities shall be applied toward time in prerelease custody or

26    supervised release).

27

28    ---
      [1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §
      636(c)(1).  (Doc. No. 13).

                                                    1

1    In response, Respondent filed a Motion to Dismiss with Appendix on May 8, 2023,

2   arguing the Petition should be dismissed for reasons including lack of jurisdiction, failure to state

3   a claim, and failure to exhaust administrative remedies.  (Doc. Nos. 14, 14-1).  On October 3,

4   2023, the Court ordered Respondent to submit supplemental briefing addressing whether the

5   action is moot as it appeared Petitioner was released from custody on June 2, 2023.  (Doc. No.

6   15).  On October 13, 2023, Respondent filed a supplement to the Motion to Dismiss, confirming

7   that Petitioner had been released from custody on June 2, 2023.  (Doc. Nos. 16, 16-1).  Therefore,

8   Respondent seeks dismissal of the Petition as moot. (Doc. No. 16 at 2).

9                                  **I.   BACKGROUND**

10       **A.  Procedural History**

11       In 2020, Petitioner pled guilty in the Eastern District of Kentucky (EDKY) to conspiracy

12   to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846, possession with intent

13   to distribute illicit drugs in violation of 21 U.S.C. § 841(a)(1), and for being an alien in

14   possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A); and he was sentenced to serve

15   an aggregate term of 60 months of federal incarceration and a four-year term of supervised

16   release. *See United States v. Hernandez*, 5:19-cr-00146-GFVT-MAS-2, Crim. Doc. Nos. 88, 124,

17   134, 137 (E.D. Ky.)[2]; (Doc. No. 14-1).  At the time Petitioner filed the Petition, he was

18   incarcerated in FCI Mendota.  Petitioner was released from incarceration on June 2, 2023—after

19   he filed the instant Petition demanding the recalculation of his earned time credit under the First

20   Step Act.  (Doc. No. 16 at 1; Doc. No. 16-1).

21       **B.  The First Step Act**

22       The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable

23   changes to the federal criminal code, including several prison and sentencing reforms.  First Step

24   Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  One such reform under the First Time

25   Act entailed the implementation of Federal Time Credits ("FTCs").  18 U.S.C. § 3632(d)(4)(A).

26   Essentially, an inmate "who successfully completed evidence-based recidivism reduction

27
_____

28   [2] The undersigned cites to the record in Petitioner's underlying EDKY criminal cases as "Crim. Doc. No.
    _."

1  programming or productive activities" "shall earn 10 days of time credits for every 30 days of

2  successful participation." *Id*.  These FTCs earned by eligible inmates are "applied toward time in

3  prerelease custody or supervised release."  § 3632(d)(4)(C).

4      Additionally, the FSA authorized the BOP to use a risk and needs assessment system,

5  "PATTERN," and designate a prisoner with a minimum, low, medium, or high-risk score.  *United*

6  *States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022).  Inmates who

7  receive a minimum or low-risk score over two consecutive assessments earn an additional five

8  days of time credits for every 30 days of successful participation in evidence-based recidivism

9  reduction programming (EBRR programming) or productive activities (PAs).  18 U.S.C. §

10  3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A

11  prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in

12  EBRRs and Pas.").

13      Inmates may begin earning FTCs once their term begins, but an inmate cannot earn FTCs

14  for programming or activities in which he or she participated in prior to the enactment of the FSA

15  on December 21, 2018.  28 C.F.R. § 523.42.  An inmate can earn retroactive application of FTCs

16  for EBRR programming or PAs in which he or she participated in from December 21, 2018, to

17  January 13, 2022.  *Id*.

## II.  APPLICABLE LAW AND ANALYSIS

19      Under Rule 4, if a petition is not dismissed at screening, the judge "must order the

20  respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases

21  4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the

22  respondent to make a motion to dismiss based upon information furnished by respondent."  A

23  motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to

24  dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d

25  418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it

26  "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d

27  687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

28      Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to

3

1   adjudication of "live" cases and controversies.  *See Hollingsworth v. Perry*, 570 U.S. 693, 705

2   (2013) ("Article III demands that an actual controversy persist throughout all stages of

3   litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v.*

4   *Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that

5   "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is

6   filed,") (internal quotation marks omitted).  Federal courts consider various doctrines, including

7   "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy"

8   requirement.  *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961).  To maintain a claim, a litigant

9   must continue to have a personal stake in all stages of the judicial proceeding.  *Abdala v. INS*, 488

10  F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  A case must be dismissed if it

11  becomes moot at any stage.  *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982).

12  Absent collateral consequences, a "habeas petition does not continue to present a live controversy

13  once the petitioner is released from custody."  *Abdala*, 488 F.3d at 1064; *see also Kelley v.*

14  *Brewer*, 2023 WL 2992823, at *3 (E.D. Cal. Apr. 18, 2023) ("there is nothing capable of being

15  redressed by a favorable judicial decision because the BOP has already calculated his FSA credits

16  and released [the petitioner].  In other words, petitioner's case is moot absent demonstrable

17  collateral consequences arising from BOP's calculation of his FSA credits."); *Fower v. Birkholz*,

18  2023 WL 3828775, at *1 (C.D. Cal. May 4, 2023) ("Petition is moot because Petitioner obtained

19  the relief he sought in the Petition – release from BOP custody after the application of his FSA

20  credits.").

21       Because Petitioner is no longer in BOP custody and there are no collateral consequences

22  the Court cannot grant any relief on Petitioner's claim.  *Dominguez v. Kernan*, 906 F.3d 1127,

23  1132 (9th Cir. 2018); *Fender v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988).  Thus,

24  the Petition is moot, which leaves this Court without jurisdiction to consider any claims raised in

25  the Petition.

26       ////

27       ////

28       ////

4

1    Accordingly, it is **ORDERED**:

2    1.  Respondent's Motion to Dismiss (Doc. No. 14) is GRANTED.

3    2.  The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.

4    3.  The Clerk of Court is directed to terminate any pending motions and close this case.

5

6    Dated:    October 17, 2023

7                                            HELENA M. BARCH-KUCHTA
                                             UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28